In The United States District Court
for the Southern District of Texas
Houston Division

| | |
|---|---|
| Morteza Naghavi<br><br>Plaintiff<br><br>v.<br><br>Edgefield Holdings, LLC,<br><br>Defendant . | Civil Action No. 4:21-cv-01991 |

### Edgefield Holdings, LLC's Answer to Plaintiff's First Amended Application for Temporary Restraining, Temporary Injunction and Permanent Injunction and Counterclaim

Defendant, Edgefield Holdings, LLC ("Edgefield") answers Plaintiff, Morteza Naghavi's FIRST AMENDED, APPLICATION FOR TEMPORARY RESTRAINING, TEMPORARY INJUNCTION AND PERMANENT INJUNCTION, hereafter the Complaint and states:

1. The Plaintiff's assertions in paragraph 1 set forth legal issues/matters and/or call for legal conclusions that need not be answered. But, if they do need to be answered, then Defendant denies them.

2. Defendant denies Plaintiff's allegations in paragraph 2 of the Complaint.

3. Defendant admits the allegations in paragraphs 3 through 5.

4. The Plaintiff's assertions in paragraph 6 set forth legal issues/matters and/or call for legal conclusions that need not be answered. But, if they do need to be answered, then Defendant admits that venue is proper in Harris County.

5. Defendant admits that Plaintiff seeks non-monetary relief but denies the remaining allegations in paragraph 7 of the Complaint.

6. Defendant admits the allegations in paragraph 8.

7. Defendant denies the allegations in paragraph 9.

8. Defendant admits the allegations in paragraphs 10 through 13.

9. The Plaintiff's assertions in paragraphs 14 and 17 set forth legal issues/matters and/or call for legal conclusions that need not be answered. But, if they do need to be answered, then Defendant denies them.

10. Defendant admits Plaintiff owns the Property at 5203 Fieldwood, Houston, Texas but the remaining allegations in paragraph 18 set forth legal issues/matters and/or call for legal conclusions that need not be answered. But, if they do need to be answered, then Defendant denies them.

11. The Plaintiff's assertions in paragraph 19 through 23 set forth legal issues/matters and/or call for legal conclusions that need not be answered. But, if they do need to be answered, then Defendant denies them.

12. The Plaintiff's assertions in paragraph 24 set forth legal issues/matters and/or call for legal conclusions that need not be answered. But, if they do need to be answered, then Defendant denies that Rule 194.2 of the Texas Rules of Civil Procedure controls in this case.

13. The Plaintiff's assertions in paragraph 25 set forth legal issues/matters and/or call for legal conclusions that need not be answered. But, if they do need to be answered, then Defendant denies them.

14. The Plaintiff's assertions in paragraph 26 set forth legal issues/matters and/or call for legal conclusions that need not be answered. But, if they do need to be answered, then

Defendant denies that Plaintiff is entitled to the relief sought or that Texas Civil Practices and Remedies Code §65.011 applies in this case.

15. The assertions in Plaintiff's prayer set forth legal issues/matters and/or call for legal conclusions that need not be answered. But, if they do need to be answered, then Defendant denies that Plaintiff is entitled to the relief sought.

**Affirmative Defenses**

16. Without waiver of its denials, Defendant raises these defenses to the allegations in the Complaint.

17. The Complaint fails to state a cause of action upon which relief may be granted.

18. Plaintiff is precluded from obtaining relief against the Defendant because Plaintiff comes to this Court with unclean hands.

19. Plaintiff is estopped to claim a homestead status on the property because he is neither using or in possession or intends to use or possess it as his intent is confirmed by his having abandoned it and continually listing the property for rent and/or sale and other facts/actions.

20. Plaintiff's claims are barred by laches in so much as Plaintiff has delayed the bringing of this action.

21. Plaintiff's claims are barred by fraud, as Plaintiff is neither using or in possession or intends to use or possess the real property at issue as his intent is confirmed by his having abandoned it and continually listing the property for rent and/or sale and other facts/actions.

**Counterclaim**

22. Defendant Edgefield Holdings, LLC is a foreign limited liability company, with its principal place of business in Georgia.

23. The Plaintiff Naghavi is a citizen of California with an address of 565 San Antonio Road, Apt. 313, Mountain View, CA 9404.

**Jurisdiction and Venue**

24. Jurisdiction and venue are proper under 28 U.S.C. § 1332 because there is complete diversity among the parties with Naghavi being a citizen of California and Edgefield being a citizen of Georgia. Venue is proper under U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending and under 28 USC §1391(b) because the property is in this District and Division.

**Fraudulent Transfer**

25. Edgefield owns a judgment against Naghavi Morteza ("Naghavi"), which was entered on September 11, 2019, by the District Court of Harris County, Texas (234th Judicial District) in Cause No. 2018-38545 in the amount of $568,343.02 with interest accruing thereafter by law at the statutory rate (the "Judgment"). As of the date of this filing, the Judgment remains unsatisfied. The Judgment is valid and subsisting, and no supersedeas bond has been approved and filed to suspend execution of the Judgment. Naghavi has not paid the judgment. Moreover, the Judgement has been abstracted in the Harris County Real Property Records and constitutes an inchoate lien on the property in question and all of Naghavi's real property in Harris County Texas.

26. Naghavi has been trying to sell the Property located at 5203 Fieldwood, Houston, TX 77056, whose legal description of:

> Lot One (1) in Block Twenty-Nine (29) of TANGLEWOOD, SECTION FIVE (5), a subdivision in Harris County, Texas, according to the map or plat thereof recorded in Volume 34, Page 19 of the Map Records of Harris County, Texas.

His efforts to dispose of the property are with the actual intent to hinder, delay or defraud Edgefield as creditor of the unpaid judgment by, among other things, claiming that the Property is his homestead, and not subject to Edgefield Holdings, LLC's abstract of judgement lien on the property, without receiving a reasonably equivalent value and leaving himself with insufficient assets to pay the judgment. Edgefield thus seeks, subject to applicable principals of equity, an equitable lien and a constructive trust against the Property to the extent necessary to secure this asset from being fraudulently transferred by Naghavi.

Therefore, Edgefield Holdings, LLC requests this Court enter a judgment in its favor and impose a constructive trust and equitable lien in its favor against the Property for all amounts currently owed and any amounts awarded in the future to Defendant from Plaintiff as well as award any additional damages permitted under law, and any other relief the Court deems just under the circumstances.

Respectfully submitted,

/s/ Patricia Beaujean Lehtola
Patricia Beaujean Lehtola
Attorney-in-Charge
State Bar No. 01997700
S. D. of Texas Bar Number 2609
Lehtola & Cannatti, PLLC
8331 Lyndon B. Johnson Freeway Suite 741
Dallas, Texas 75204
Telephone:    (214) 649-4082
Facsimile:    (866) 383-1507
Email: plehtola@lc-lawfirm.com
**ATTORNEYS FOR DEFENDANT EDGEFIELD HOLDINGS, LLC**

CERTIFICATE OF SERVICE

This is to certify that on June 30, 2021, this instrument was served upon counsel of record under the Federal Rules of Civil Procedure via the Court's electronic filing system.

/s/ Patricia Beaujean Lehtola
Patricia Beaujean Lehtola